# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

IN RE:                                   )
                                         )
**CORNERSTONE CONSTRUCTION**             )          **CASE NO. 1:12-bk-08795**
**MANAGEMENT, LLC,**                     )
                                         )
      **Debtor.**                    )

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: October 9, 2015**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: Tuesday, <u>October 27,</u>**
**<u>2015</u> at 9:00 a.m. in Courtroom 3 of the U.S. Bankruptcy Courthouse located in the**
**Customs House at 701 Broadway, Nashville, TN 37203.**

---

### <u>NOTICE OF BRITNIE FAITH TURNER'S MOTION TO REOPEN CASE</u>

      Britnie Faith Turner ("<u>Ms. Turner</u>") has asked the court for the following relief: (i) enter an order reopening the Cornerstone Bankruptcy Case to Consider the *Notice of Removal*; and (ii) for such other and further relief as this Court deems just and proper.

      **YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1.     File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

     If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2.     Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

      If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: September 18, 2015

/s/ David W. Houston, IV
David W. Houston, IV (#020802)
Charles N. Alden (#033186)
BURR & FORMAN LLP
511 Union Street, Suite 2300 Nashville, TN 37219
Telephone: (615) 724-3215
Facsimile: (615) 724-3315
Email: dhouston@burr.com;
Email: nalden@burr.com

*Counsel for Counsel for Britnie Faith Turner; Aerial Investment Properties, LLC; Aerial Development Group, LLC; and Cloud Realty, LLC d/b/a The Morris Companies, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18th, 2015, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

M. Todd Jackson
Jackson & Associates PC
Attorney for Plaintiffs
3326 Aspen Grove Drive, Suite 400
Franklin, TN 37067

Trey Cain, Esq. (and individually)
Attorney for Defendants:
Cain and Associates, PLLC
Tennessee Title & Escrow Affiliates, LLC
7105 Crossroads Blvd.
Brentwood, TN 37027-2806

/s/ David W. Houston, IV
David W. Houston, IV

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **IN RE:** | **)** | |
| **CORNERSTONE CONSTRUCTION** | **)** | |
| **MANAGEMENT, LLC,** | **)** | **BK: 1:12-bk-08795** |
| | **)** | |
| **Debtor,** | **)** | |
| | **)** | |

## MOTION TO REOPEN BANKRUPTCY CASE

**COMES NOW** Britnie Faith Turner ("Ms. Turner"), by and through her undersigned counsel, and pursuant to 11 U.S.C. §§ 105 and 350 and Federal Rule of Bankruptcy Procedure 5010, moves this Court to reopen the above-captioned bankruptcy case (the "Cornerstone Bankruptcy Case") so that the Court may take jurisdiction over the civil action removed to this Court (the "Civil Action") via the *Notice of Removal* that Ms. Turner is filing herewith, and as grounds in support, states as follows:

### Introduction

1.      Ms. Turner was a creditor in the Cornerstone Bankruptcy Case based on her history of transacting business with Cornerstone Construction Management, LLC (the "Debtor").

2.      Ms. Turner files this Motion to Reopen (the "Motion") seeking to administer assets and for other cause. A civil action which is property of Debtor's bankruptcy estate and that names Ms. Turner as a defendant is currently pending in another jurisdiction. Ms. Turner has filed a *Notice of Removal* both in the civil action and contemporaneously herewith.

3.      Ms. Turner requests that the Court reopen the Cornerstone Bankruptcy Case and take jurisdiction over the Civil Action, so that the Court can rule on the defenses to the Civil Action asserted by Ms. Turner and the other Defendants.

## The Court's Jurisdiction Over This Motion

4.      This Motion is brought pursuant to 11 U.S.C. §§ 105 and 350 and Rule 5010 of the Federal Rules of Bankruptcy Procedure.

5.      This Court has jurisdiction over both this Motion and the underlying matter pursuant to 28 U.S.C. § 1334(b).

6.      This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

## Factual Background

7.      On September 25, 2012 (the "Petition Date"), Debtor filed the Cornerstone Bankruptcy Case in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court").

8.      On November 7, 2014, the trustee entered a report of no distribution in the Cornerstone Bankruptcy Case (DE 49) and the case was closed on December 9, 2014 (DE 50).

9.      On August 18, 2015, Robert Carlyon and LALA, LLC[1] (the "Plaintiffs") commenced a state court action by filing a complaint (the "Complaint") against Ms. Turner and the other defendants in the Chancery Court for Davidson County, Tennessee, *Robert Carlyon and LALA, LLC vs. Britnie Faith Turner, et al.*, Case No. 15-990-I.

10.     Although the Civil Action was filed in the name of Plaintiffs, the causes of action asserted therein belong to the Debtor.

11.     Plaintiff Robert Carlyon was the sole member of the Debtor.  The central claims in the Complaint are based on an alleged breach of an oral agreement.  The Complaint states that the oral agreement at issue was between "Plaintiff Carlyon and Defendant Turner, in their

---

[1] LALA, LLC was administratively dissolved on August 13, 2013.

respective business capacities" and that "the parties, on behalf of their respective businesses" entered into the oral agreement. Mr. Carlyon's business was the Debtor. The only business entity owned by Mr. Carlyon, with which Ms. Turner ever contracted business, was the Debtor. Thus, if there are any claims related to this alleged oral agreement, they belong to the Debtor and this bankruptcy estate.

12.    The claims asserted in the Complaint existed on the Petition Date, yet Debtor did not schedule these alleged claims in the Cornerstone Bankruptcy Case.

13.    Debtor's failure to disclose these causes of action in the Bankruptcy Case bars these claims on grounds of res judicata and judicial estoppel and waiver (the "Prior Adjudicatory Defenses").

14.    Accordingly, Plaintiff Carlyon is judicially estopped from asserting any such claims against Ms. Turner and the other defendants in the Civil Action.

15.    Ms. Turner respectfully asks the Court to reopen the Cornerstone Bankruptcy Case so that the Court may take jurisdiction over the Civil Action as an adversary proceeding and rule on the Prior Adjudicatory Defenses.

## Relief Requested

16.    Pursuant to 11 U.S.C. § 350, Ms. Turner requests that this Court reopen the Bankruptcy Case for the administration of assets and good cause and specifically to take jurisdiction over the Civil Action.

17.    11 U.S.C. § 350(b) states that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

18.    This Court should reopen Debtor's Bankruptcy Case for cause. Debtor did not disclose a known cause of action to this Court, despite a continuing duty to do so. *Parsons v. S.*

*Tennessee Med. Ctr., LLC*, No. 11-CV-298, 2014 WL 2159749, at *2 (E.D. Tenn. May 23, 2014).

19.     Whether to reopen a closed bankruptcy case "is within the sounds discretion of the judge," and motions to reopen are decided "based upon the equities of each individual case." *In re Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Tenn. 2005).

20.     The "cause" standard when reopening a bankruptcy case is broad and gives a bankruptcy court wide discretion. *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991) (*citing In re Rosinski*, 759 F.2d 539, 540-41 (6th Cir. 1985); *Hawkins v. Landmark Finance Co.,* 727 F.2d 324, 326 (4th Cir. 1984)).

21.     Bankruptcy courts have reopened bankruptcy cases under similar circumstances. *See In re Little*, 126 B.R. 861 (Bankr. N.D. Miss. 1991) (court reopened closed bankruptcy case where creditor sought to reopen chapter 11 case to file a complaint seeking determination that debtors' prepetition lender liability claims were barred by the doctrines of judicial and equitable estoppel, res judicata, and waiver); *see also In re Hofmann*, 248 B.R. 79 (Bankr. W.D. Texas 2000) (creditor sought to reopen to file notice of removal).

22.     This Court should also reopen the Cornerstone Bankruptcy Case to administer the Civil Action, which was not administered by the Court and remains property of Debtor's bankruptcy estate. *See* 11 U.S.C. § 554(d).

22.     Ms. Turner's counsel has contacted the chapter 7 trustee from the Cornerstone Bankruptcy Case, Mr. Gigandet, and discussed this matter with him and is providing him notice of this Motion and the *Notice of Removal*.

**WHEREFORE**, Ms. Turner respectfully requests this Court to enter an Order:

A.    Reopening the Cornerstone Bankruptcy Case to consider the *Notice of Removal*;

      and

B.    For such other and further relief as this Court deems just and proper.

Dated this 18th day of September, 2015.      Respectfully Submitted,

/s/ David W. Houston, IV
David W. Houston, IV (#020802)
Charles N. Alden (#033186)
BURR & FORMAN LLP
511 Union Street, Suite 2300
Nashville, TN  37219
Telephone:  (615) 724-3215
Facsimile:  (615) 724-3315
Email: dhouston@burr.com;
Email: nalden@burr.com

*Counsel for Counsel for Britnie Faith Turner;*
*Aerial Investment Properties, LLC; Aerial*
*Development Group, LLC; and Cloud Realty, LLC*
*d/b/a The Morris Companies, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18th, 2015, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

M. Todd Jackson                          Trey Cain, Esq. (and individually)
Jackson & Associates PC                   Attorney for Defendants:
Attorney for Plaintiffs                   Cain and Associates, PLLC
3326 Aspen Grove Drive, Suite 400         Tennessee Title & Escrow Affiliates, LLC
Franklin, TN 37067                        7105 Crossroads Blvd.
                                          Brentwood, TN 37027-2806


/s/ David W. Houston, IV
David W. Houston, IV